SECOND DIVISION

No. 1-08-1563

| | | |
|---|---|---|
| IN RE MARRIAGE OF: | ) | Appeal from the |
| | ) | Circuit Court of |
| (FRANCESCA SURIANO, | ) | Cook County |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 97 D 13507 |
| | ) | |
| | )) | |
| THEODORE LAFEBER, III, | )) | Honorable Jeanne |
| | | Cleveland Bernstein, |
| Respondent-Appellant). | | Judge Presiding. |

PRESIDING JUSTICE KARNEZIS delivered the opinion of the court:

Respondent Theodore Lafeber III, appeals from an order of the circuit court in favor of petitioner Francesca Suriano that terminated the parties' joint parenting agreement and placed custody of the parties' children with petitioner. On appeal, respondent contends that: (1) the court lacked jurisdiction to *sua sponte* terminate the parties' joint custody agreement without a pleading requesting such relief; (2) the court's order violated respondent's due process rights; (3) the court's order failed to comply

with the requirements of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/610(b) (West 2000)) (Act); and (4) the matter should be assigned to a new judge for any further proceedings. For the foregoing reasons, we vacate the court's order and remand the cause for further proceedings.

Two children were born during the parties' marriage; one in 1993 and another in 1995. The parties entered into a joint parenting agreement on April 17, 1998, and an agreed order on September 8, 2006. Pursuant to the joint parenting agreement, the parties agreed to joint custody of the children with the children's primary residence to be with petitioner. Paragraph I(J) of the agreed order provided in part that "neither party shall make any unilateral decision regarding the health, education, religious training, activities or welfare of either of the minor children."

On March 1, 2007, respondent filed his fifth petition for rule to show cause to hold petitioner in contempt for violating paragraph I(J) of the agreed order. The petition contained numerous allegations that petitioner made health care and other decisions regarding the children without consulting respondent. The allegations concerned petitioner taking one of the children to a dermatologist, taking the children to their dental appointments, giving the children vitamin supplements, obtaining contact lenses for one of the children and enrolling the children in an art class. Respondent's prayer for relief contained 10 separate paragraphs, which, in essence, requested that the joint parenting agreement be amended to provide that petitioner cannot make any unilateral decisions regarding the children's care and activities and that respondent receive

2

sufficient notice of any upcoming decisions regarding the children's care and activities.

The court held a hearing on the petition, where the only witnesses that testified were petitioner and respondent. The court issued its decision on May 20, 2008, finding that there was no basis for granting the rule to show cause. However, the court further stated that it would not amend the joint parenting agreement because it was "going to terminate it *sua sponte,*" and then it awarded custody of the children to petitioner. The court noted that the parties were unable to cooperate and that "there should never ever have been joint parenting." When counsel for respondent objected, the court explained: "I have the right to do it in the best interest of these children. In this entire hearing almost every word out of these people's mouths indicated that there should have never been joint parenting. And I have the right to do it in the best interest of the children." The court further stated that if respondent wanted to have a custody hearing, it would schedule a hearing for a future date.

Respondent now appeals from the court's order. The issue in this case is whether the circuit court lacked jurisdiction to enter the order terminating the parties' joint parenting agreement and awarding custody of the children to petitioner.

With limited exceptions, circuit courts have "'original jurisdiction of all justiciable matters.'" Ligon v. Williams, 264 Ill. App. 3d 701, 707 (1994), quoting Ill. Const. 1970, art. VI, §9. The court's authority to exercise its jurisdiction and resolve a justiciable question is invoked through the filing of a complaint or petition, pleadings that function to frame the issues for the trial court and circumscribe the relief the court is empowered

3

to order. Ligon, 264 Ill. App. 3d at 707. A party cannot be granted relief in the absence of corresponding pleadings; if a justiciable issue is not presented to the court through proper pleadings, the court cannot *sua sponte* adjudicate an issue. Ligon, 264 Ill. App. 3d at 707. Orders that are entered in the absence of a justiciable question properly presented to the court by the parties are void since they result from court action exceeding its jurisdiction. Ligon, 264 Ill. App. 3d at 707.

We find In re Marriage of Fox, 191 Ill. App. 3d 514 (1989), instructive. In Fox, the respondent filed a petition for rule to show cause why the petitioner should be held in contempt for interfering with his visitation rights. After a hearing on the petition, the trial court found that the petitioner had repeatedly interfered with the respondent's visitation with his children and a modification of the custody order was necessary for the best interests of the children. This court determined on appeal that the trial court's order was void because the trial court's jurisdiction to determine custody was not properly invoked. Fox, 191 Ill. App. 3d at 521-22. This court stated that the justiciable matter before the trial court was an alleged violation of the visitation provisions of the judgment of dissolution, not child custody. Fox, 191 Ill. App. 3d at 521. This court also found that the trial court's order violated section 601(b) of the Act because no petition initiating a child custody proceeding was filed as required by section 601(b) and the petitioner was not notified as required by section 601(c) of the Act that the hearing on the contempt petition would involve custody issues. Fox, 191 Ill. App. 3d at 521. Additionally, this court stated that there was neither evidence presented nor findings

stated by the trial court regarding the best interests of the children as required by section 610(b) of the Act. Fox, 191 Ill. App. 3d at 521.

Here, the only pleading before the court was respondent's fifth rule to show cause to hold petitioner in contempt for violating paragraph I(J) of the agreed order. As in Fox, the justiciable matter before the court was an alleged violation of the provisions of the agreed order and not a child custody determination. The circuit court had no jurisdiction to *sua sponte* terminate the joint parenting agreement. The court's May 20, 2008, order is void.

Moreover, the court's order violated sections 601(b) and (c) of the Act, which require a child custody proceeding to be commenced by filing a petition for custody and giving notice to the child's parents. See 750 ILCS 5/601(b), (c) (West 2006). The order also violated section 610 of the Act which provides that a court can terminate joint custody and make any modification that is in the child's best interest if it makes specific findings of fact in support of its determination. See 750 ILCS 5/610 (West 2006). The court here made no such findings. Instead, the court merely stated that it was terminating the joint parenting agreement because it was "in the best interest of the children."

Additionally, this court's findings in In re Custody of Ayala, 344 Ill. App. 3d 574 (2003), are also instructive. In that case, this court found on appeal that the trial court exceeded its jurisdiction when it modified custody when no pleading had been filed requesting such relief. Ayala, 344 Ill. App. 3d at 585. This court further found that the

5

order violated the mother's due process rights because she had no notice that custody would be considered or decided at the hearing. Ayala, 344 Ill. App. 3d at 587. The only matters before the court on the date of the hearing related to visitation issues and the mother's failure to respond to pleadings.

We also find that the court's order violated respondent's due process rights. Due process of law requires that a party be accorded notice and an opportunity to be heard. Ayala, 344 Ill. App. 3d at 586. Parties who have properly appeared in an action are entitled to notice of any impending motions or hearings. Ayala, 344 Ill. App. 3d at 586. Respondent did not receive notice that the circuit court might consider or determine child custody at the conclusion of the hearing on his petition for rule to show cause. As in Ayala, the only matters before the court related to respondent's allegations that petitioner was making unilateral decisions regarding the children's care and activities. In the prayer for relief, respondent requested that the joint parenting agreement be amended such that petitioner could not make any unilateral decisions regarding the children's care and activities and that respondent receive sufficient notice of any upcoming decisions regarding the children's care and activities. We cannot construe this request to amend the joint parenting agreement as a request to modify custody or terminate the joint parenting agreement. Therefore, the court's order also violated respondent's due process rights.

Respondent additionally maintains that if this cause is remanded to the circuit court for further proceedings, it should be reassigned to a different judge. Respondent

6

contends that the judge's comments indicated that the judge had already "prejudged" the issue of joint custody, which was unfair to respondent.

Pursuant to Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), this court has the authority to reassign a matter to a new judge on remand. However, a trial judge is presumed to be impartial, and the burden of overcoming this presumption rests on the party making the charge of prejudice. Eychaner v. Gross, 202 Ill. 2d 228, 280 (2002). The party making the charge of prejudice must present evidence of prejudicial trial conduct and evidence of the judge's personal bias. Eychaner, 202 Ill. 2d at 280. Allegedly erroneous findings and rulings by the trial court are insufficient reasons to establish that the court has a personal bias for or against a litigant. Eychaner, 202 Ill. 2d at 280.

Here, we decline respondent's request for a different trial judge. Respondent's allegations do not overcome the presumption of impartiality. The judge's determination to terminate joint custody, albeit erroneous, did not evidence any bias toward respondent. The judge informed respondent that if respondent wanted to have a custody hearing, the court would set the matter for a hearing on a future date. The judge did not state that she was predisposed toward a certain outcome. The judge's comments perhaps evidenced her frustration with the parties' inability to cooperate; however, they did not evidence any bias toward respondent.

Accordingly, we vacate the circuit court's May 20, 2008, order terminating the joint parenting agreement and awarding custody of the children to petitioner. We

remand the cause for further proceedings consistent with this opinion.

Order vacated; cause remanded.

QUINN and CUNNINGHAM, JJ., concur.

1-08-1563

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

---

| | | |
|---|---|---|
| IN RE MARRIAGE OF: | ) | Appeal from the |
| | ) | Circuit Court of |
| (FRANCESCA SURIANO, | ) | Cook County |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 97 D 13507 |
| | ) | |
| | )) | |
| THEODORE LAFEBER, III, | )) | Honorable Jeanne |
| | | Cleveland Bernstein, |
| Respondent-Appellant). | | Judge Presiding. |

---

No. 1-08-1563

Appellate Court of Illinois
First District, Second Division

November 10, 2008

---

PRESIDING JUSTICE KARNEZIS delivered the opinion of the court.

QUINN and CUNNINGHAM, JJ., concur.

---

Appeal from the Circuit Court of Cook County.

The Honorable Jeanne R. Cleveland Bernstein, Judge Presiding.

---

For RESPONDENT-APPELLANT, Paul J. Bargiel, P.C.

1-08-1563

For PETITIONER-APPELLEE, Richard A. Wilson, P.C.